# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER A. LUGO,<br>Plaintiff, | : <br> : <br> : |
| v. | : CIVIL ACTION NO. 19-CV-1442 <br> : |
| CARLOS DeANGELO,<br>*et al.*,<br>Defendants. | : <br> : <br> : |

FILED: MAY 16 2019 : KATE BARKMAN, Clerk By _____ Dep. Clerk

## MEMORANDUM

JUAN R. SANCHEZ, C.J.                                            MAY 16th, 2019

*Pro se* Plaintiff Alexander A. Lugo, a prisoner confined at SCI Huntingdon, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and a Motion to proceed *in forma pauperis*. For the following reasons, because it appears that Lugo is unable to afford to pay the filing fee, the Court will (1) grant him leave to proceed *in forma pauperis*, (2) dismiss the Complaint in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and (3) permit Lugo to file an amended complaint or proceed on the claim the Court finds has passed § 1915 screening.

## I. FACTS

Lugo's Complaint is brief. He alleges that on October 20, 2017 he was arrested on false charges and, during the arrest, he was harassed by probation/parole agents and Reading police officers. He asserts he was shoved to a couch while handcuffed, injuring his right elbow and lower back, and causing stitches from a recent surgery to open. (ECF No. 2-2 at 5.)[1] Named as defendants are Carlos DeAngelo, identified as an adult probation/parole officer; and Lance E. Lonsinger, Ryan Melley, and Christopher Baker, each of whom are identified as Reading police

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

officers. (*Id.* at 2-3.) Lugo asserts § 1983 claims for false arrest, malicious prosecution, and excessive force. (*Id.* at 3.)

Additionally, a review of public records shows that Lugo is currently serving a 5 to 10 year term of imprisonment imposed following an April 16, 2018 plea of guilty to charges of possession of a firearm by a prohibited person, and manufacture, delivery or possession with intent to manufacture or deliver a controlled substance. (*See Commonwealth v. Lugo*, CP-06-CR-5960-2017 (CCP Berks). The charges stem from Lugo's arrest on October 20, 2017.

## II.   STANDARD OF REVIEW

The Court will grant Lugo leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

2

This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## II. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-487. The United States Court of Appeals for the Third Circuit has interpreted *Heck* to mean that "a § 1983 action that impugns the validity of the plaintiff's underlying

3

conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Gilles v. Davis*, 427 F.3d 197, 208-09 (3d Cir. 2005).

*Heck* does not bar all Fourth Amendment claims. *Heck*, 512 U.S. at 487 n. 7 ("Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.") (citations omitted). "*Heck* bars only claims which 'seek [ ] to recover damages for an unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render the conviction or sentence unlawful.'" *Strunk v. E. Coventry Twp. Police Dep't*, 674 F. App'x 221, 223-24 (3d Cir. 2016) (quoting *Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998)). *Heck* "requires District Courts to determine whether each claim — if successful — would imply the invalidity of the conviction or sentence." *Id.* (quoting *Gibson v. Superintendent*, 411 F.3d 427, 447-49 (3d Cir. 2005) (holding that a determination whether *Heck* applies to a Fourth Amendment claim requires a case-by-case fact-based inquiry)).

"To maintain a malicious prosecution claim, a plaintiff must show that the criminal proceeding ultimately terminated in his favor, which means either a victory at trial, a reversal on appeal, expungment [sic], or a successful collateral challenge." *Mosby v. O'Brie*, 532 F. App'x 84, 85 (3d Cir. 2013) (citing *Heck*, 512 U.S. at 486-87). As the public record confirms that Lugo was convicted of charges arising from his arrest, and that conviction has not been otherwise invalidated, he cannot show as a matter of law that the proceeding terminated in his favor. Accordingly, the malicious prosecution claim is barred by *Heck* and will be dismissed without prejudice and with leave for Lugo to reassert the claim should his conviction ultimately be overturned or otherwise invalidated.

4

On the false arrest claim, Lugo's Complaint asserts only that he was arrested on false charges and, during the arrest, he was harassed by probation/parole agents and Reading police officers. While the public record confirms that Lugo was convicted of charges arising from his arrest, the information he alleges in the Complaint is insufficient to determine whether his false arrest claim is subject to the *Heck* bar. *See Mosby*, 532 F. App'x at 85 ("A false arrest or false imprisonment claim may be maintained without showing a favorable determination, but only if it does not 'necessarily implicate the validity of a conviction or sentence.'") (quoting *Montgomery v. De Simone*, 159 F.3d 120, 126 n. 5 (3d Cir. 1998). Accordingly, because the Court is unable to determine whether the false arrest claim is barred, the claim will be dismissed without prejudice pursuant to Rule 8, and Lugo will be granted leave to file an amended complaint to more fully set forth facts describing the arrest and his grounds for asserting the false arrest claim.

Finally, to prevail on a claim for excessive force, a plaintiff must allege that the force used was unreasonable under the circumstances. *Olick v. Pennsylvania*, 739 F. App'x 722, 724-25 (3d Cir. 2018) (citing *Estate of Smith v. Marasco*, 430 F.3d 140, 148 (3d Cir. 2005). It is well established that "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, is constitutionally unreasonable." *Sharrar v. Felsing*, 128 F.3d 810, 821 (3d Cir. 1997) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)) (internal alterations and quotations marks omitted). Construing the facts in the light most favorable to Lugo, the Court concludes that the claim is sufficient for § 1915 screening purposes.

Accordingly, an appropriate Order will be entered (1) dismissing the malicious prosecution claim without prejudice due to the *Heck* bar, and (2) dismissing the false arrest claim without prejudice under Rule 8 and granting Lugo an opportunity to file an amended complaint. Should Lugo choose not to file an amended complaint, only his excessive force claim will

proceed. The Court will defer service of the Complaint at this time, pending Lugo's decision to file an amended complaint.

BY THE COURT:

JUAN R. SANCHEZ, C.J.