# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER A. LUGO,<br>Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 19-CV-1442 |
| CARLOS DeANGELO,<br>et al.,<br>Defendants. | :<br>:<br>: | |

FILED JUN 0 7 2019 KATE BARKMAN, Clerk By _____ Dep. Clerk

## MEMORANDUM

SÁNCHEZ, C.J.                                                          JUNE 6th, 2019

In a prior Memorandum and Order entered on May 16, 2016, the Court granted *pro se* Plaintiff Alexander A. Lugo leave to proceed *in forma pauperis*, dismissed his Complaint in part without prejudice, and granted him leave to file an amended complaint. Lugo filed his Amended Complaint ("AC") on May 31, 2019.[1] For the following reasons, the AC will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the remaining claims will be ordered served on the remaining Defendants.

## I. FACTS

Lugo's original Complaint was very brief, alleging that he was arrested on false charges and, during the arrest, he was harassed by probation/parole agents and Reading police officers. He also asserted that he was shoved to a couch while handcuffed, injuring his right elbow and lower back, and causing stitches from a recent surgery to open. (ECF No. 2-2 at 5.)[2] In the May

---

[1] In composing the AC, Lugo did not use the Court's preprinted form. He also did not create a caption for the handwritten AC. The Court will consider the AC to be naming as Defendants all of the persons listed in Lugo's original Complaint.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

16, 2019 Memorandum and Order, the Court determined that (1) Lugo's excessive force claim could proceed, (2) his claim for malicious prosecution was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and (3) Lugo had failed to provide sufficient detail for the Court to determine whether his Fourth Amendment false arrest claim was also barred by *Heck* or whether it could proceed. Lugo was provided with an opportunity to file an AC to attempt to cure this defect.

The AC alleges that Defendant Carlos DeAngelo, identified as an adult probation/parole officer, entered Lugo's home looking for a parolee named Justin Buchanon. (ECF No. 9 at 1.) DeAngelo had an arrest warrant for Buchanon but did not have a search warrant for the Lugo residence. (*Id.* at 2.) DeAngelo nonetheless began to search the home, finding a black leather backpack. (*Id.* at 1.) He opened it, found drug paraphernalia inside, and called for police backup. (*Id.* at 1-2.) Defendant Reading Police Officer Lance E. Lonsinger responded to the scene and DeAngelo showed him the drug paraphernalia telling Lonsinger the material was in plain sight. (*Id.* at 2.) Lonsinger then searched the residence with other unnamed "agents," while DeAngelo held Lugo, his girlfriend and her minor children at gunpoint in the living room. (*Id.* at 3.)

At that point, Buchanon arrived at the scene and was tasered. (*Id.* at 3.) Defendant Melley then drew his firearm, pointed it at Lugo, and placed Lugo in handcuffs. (*Id.*) Two people who have not been named as defendants, a parole agent named Ohlinger and a police officer named Gresh, allegedly found a firearm while searching the home. (*Id.* at 4.) At that point, Defendant Baker asked Lugo if the firearm was his. (*Id.*) Lugo alleges that he denied

2

owning the gun, but "they" continued to harass him because they were motivated by racial animus.[3] (*Id.* at 4-5.)

As noted in the Court's May 16, 2019 Memorandum, a review of public records shows that Lugo is currently serving a 5 to 10 year term of imprisonment imposed following an April 16, 2018 plea of guilty to charges of possession of a firearm by a prohibited person, and manufacture, delivery or possession with intent to manufacture or deliver a controlled substance. (*See Commonwealth v. Lugo*, CP-06-CR-5960-2017 (CCP Berks). The charges stem from Lugo's arrest on October 20, 2017. In the AC, Lugo alleges that his attorney coerced him to plead guilty to the charges. (ECF No. 9 at 6.)

## II. STANDARD OF REVIEW

Because Lugo has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the AC and dismiss it if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

---

[3] Lugo also alleges that neither his DNA nor fingerprints were found on the weapon or the drugs, and that the Defendants fabricated evidence, gave false testimony, gave inconsistent testimony, and coerced confessions. (Id. at 5-6.) However, since his claim for malicious prosecution has already been dismissed as *Heck* barred, these allegations are immaterial.

3

## III. DISCUSSION

The Court previously dismissed Lugo's false arrest claim because it was unclear from his assertions whether the claim, like the malicious prosecution claim, was subject to the *Heck* bar. *See Mosby v. O'Brie*, 532 F. App'x 84, 85 (3d Cir. 2013) ("A false arrest or false imprisonment claim may be maintained without showing a favorable determination, but only if it does not 'necessarily implicate the validity of a conviction or sentence.'") (quoting *Montgomery v. De Simone*, 159 F.3d 120, 126 n. 5 (3d Cir. 1998). It is now apparent that Lugo bases his false arrest claim on allegations that the warrantless search of his home produced the evidence that was used against him at trial. Accordingly, his claim clearly implicates the validity of his conviction and, like the malicious prosecution claim, is barred by *Heck*. *See Ellington v. Cortes*, 532 F. App'x 53, 56 (3d Cir. 2013) (because it was clear that a finding in plaintiff's favor on his false arrest/unconstitutional search claim would imply the invalidity of his conviction on drug related charges, which were secured as a result of the allegedly unreasonable and unconstitutional search, the claim was barred by *Heck*); *James v. York Cnty. Police Dep't*, 160 F. App'x 126, 133-34 (3d Cir. 2006) (holding that *Heck* barred a 1983 claim of unlawful search and seizure where "arrest and conviction were based on the evidence gathered" in the allegedly illegal search and seizure); *Fields v. Venable*, 674 F. App'x 225, 229 (3d Cir. 2016) (where, if glassine envelope and statement were suppressed, the invalidity of plaintiff's possession-based parole revocation would necessarily be implied, claim that plaintiff's Fourth Amendment rights were violated by an improperly issued arrest warrant and an illegal search upon his arrest were *Heck* barred); *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 640 (E.D. Pa. 2014) (holding that claims for illegal search and false arrest were *Heck*-barred where a finding that plaintiff was searched or arrested without probable cause, which would likely result in the

4

suppression of evidence of his blood alcohol level, would necessarily imply the invalidity of his conviction); *cf. Chambers v. Hathaway*, 406 F. App'x 571, 573 (3d Cir. 2011) (holding that claim of warrantless body search could proceed because evidence used for conviction was not recovered from the plaintiff's body but rather from some other area).

Accordingly, an appropriate Order will be entered (1) dismissing the false arrest claim without prejudice due to the *Heck* bar, and (2) ordering the Complaint and AC, deemed together to assert only an excessive force claim, served on Defendants.

**BY THE COURT:**

_____
JUAN R. SÁNCHEZ, C.J.

5